IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| ELDON WIEHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CV-05065-DGK-SSA |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Eldon Wiehe's applications for Disability Insurance Benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including chronic systolic congestive heart failure (status post ICD), non-ischemic cardiomyopathy, hypertension, schizoaffective disorder, major depressive disorder, alcohol use disorder, and methamphetamine dependence in remission. The ALJ found that he retained the residual functional capacity ("RFC") to perform light work with some additional restrictions. The ALJ then concluded that his RFC still allowed him to perform work as a marker, routing clerk, and housekeeping cleaner.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for SSI and DIBs on June 24, 2021, alleging a disability onset date of November 1, 2020. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the case to the ALJ. After holding a hearing, the ALJ found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on June 11, 2024, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff raises two arguments: (1) the ALJ failed to comply with Social Security Ruling ("SSR") 13-2p by not conducting the multi-step analysis required when a claimant—like Plaintiff—has drug and alcohol abuse impairments; and (2) the ALJ failed to consider the reasons for Plaintiff's alleged noncompliance with treatment.

Neither argument has merit. On the first issue, Plaintiff contends that the ALJ did not consider his substance abuse issues at all in determining whether he was disabled. ECF No. 8 at 11. This is false. The ALJ explicitly discussed Plaintiff's drug and alcohol abuse impairments along with all his other severe impairments before concluding that Plaintiff was not disabled. R. at 18–19. Since the ALJ concluded that Plaintiff was not disabled after considering *all* his severe impairments, no SSR 13-2p analysis was required. *See Fastner v. Barnhart*, 324 F.3d 981, 986 (8th Cir. 2003); *see also Jones v. O'Malley*, No. 2:23-CV-23-ACL, 2024 WL 4345756, at *9 (E.D. Mo. Sept. 30, 2024) (SSR 13-2p analysis only required when ALJ first concludes that claimant is disabled); *Chrzanowski v. Kijakazi*, No. 3:21-CV-29, 2022 WL 1749830, at *4 (D.N.D. Mar. 8, 2022) (same); *Cassandra S. v. Saul*, No. 18-CV-1892-ECW, 2019 WL 4645421, at *18 (D. Minn.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014). Through Step Four of the analysis, Plaintiff bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that Plaintiff can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Sept. 24, 2019) (same); *Grady v. Colvin*, No. 4:14-CV-01893-JAR, 2016 WL 695603, at *9 (E.D. Mo. Feb. 22, 2016) (same).

On the second argument, the ALJ properly considered Plaintiff's noncompliance with medical treatment as one of several reasons supporting a finding of no disability. *See Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir. 2007). Moreover, Plaintiff's single instance of not receiving treatment when he was allegedly experiencing mental health symptoms did not excuse his repeated noncompliance with treatments on other occasions. *See* R. at 358, 360, 363, 418, 439, 446; *see also Hensley v. Colvin*, 829 F.3d 926, 935 (8th Cir. 2016) (finding no evidence that noncompliance was result of mental impairment); *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (same).

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  June 2, 2025  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT